***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as: *Page 2 
 STIPULATIONS
1. The parties are subject to the jurisdiction of the North Carolina Industrial Commission and bound by the provisions of the Workers' Compensation Act.
2. The Employer was insured with the North Carolina Mutual Employer's Fund which is administered by iSurity Insurance Services.
3. The Employer/Employee relationship existed between the party's at all relevant times hereto.
4. The Employee sustained an admittedly compensable injury involving a neck strain as accepted by the Carrier on a Form 60. The date of the injury which the Carrier accepted was June 1, 2004.
5. TPD benefits were paid to the Employee from 08/22/04 to 09/26/04.
6. Plaintiff sustained a motor vehicle accident on November 5, 2004. Defendants do not deny that an incident occurred but filed a Form 61 denying that plaintiff suffered any disability or injury stemming from this accident.
7. The following documents were admitted into evidence by agreement of the parties as Stipulated Exhibit 1: defendants portion of the pre-trial agreement; stipulated IC forms and pleadings; and stipulated medical records
8. The plaintiff presented additional evidence at the hearing before the Deputy Commissioner that included income tax returns for 2004; additional medical records; and school records. This package was entered into evidence as Stipulated Exhibit 2 by agreement of the parties.
9. The issues to be determined are as follows: *Page 3 
 1. Whether plaintiff is entitled to any additional disability benefits stemming from his work related injury of June 1, 2004;
 2. Whether plaintiff suffered a work related injury on June 23, 2004;
 3. Whether plaintiff suffered any injury or disability stemming from the incident of November 5, 2004;
 4. Whether plaintiff's claim for injury on June 23, 2004 is barred by N.C. Gen. Stat. § 97-22 for failure to give notice of said claim within thirty days;
 5. Whether plaintiff's claim for injury of June 23, 2004 is barred by the applicable statute of limitations set forth in N.C. Gen. Stat. § 97-24; and
 6. Whether the Order of the North Carolina Industrial Commission of 05/07/07 should be upheld.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 47 years old and unemployed. Plaintiff was a full-time student working towards a bachelor's degree.
2. Plaintiff began work for the defendant-employer in May of 2004. His job included driving flat bed tractor-trailers. He was not required to load and unload the truck but did have to secure load using tarps or straps.
3. Plaintiff's average weekly wage while performing this job was $647.64.
4. Plaintiff contends that on or about June 23, 2004, he sustained an injury to his neck when a ratchet bar he was using slipped causing him to fall forward. He did not strike his *Page 4 
head on any object but when he caught himself, it caused his head to jerk resulting in an injury to his neck. Plaintiff did not feel as though he had injured himself at that time and continued to work his regular job until August 24, 2004 when he reported his injury to the employer and obtained medical treatment.
5. On August 24, 2004, plaintiff was seen at RoMedical and was placed on restricted duty. An MRI was recommended and plaintiff was then referred to Dr. Sam Bhagia for further evaluation. The MRI primarily showed degenerative changes.
6. Plaintiff was evaluated by Dr. Bhagia on September 7, 2004. Dr. Bhagia opined that plaintiff's condition was likely related to a progressive neurological disorder and referred plaintiff to a neurologist for further testing. Dr. Bhagia continued plaintiff on restrictions including a restriction of no driving.
7. Plaintiff returned to work for the employer while he was on restrictive duty working in the office but he did not make his prior average weekly wage. The carrier filed a form 60 accepting a neck strain arising from an injury dated June 1, 2004 and paying plaintiff temporary partial disability benefits.
8. Plaintiff was evaluated by neurologist, Paul MacDonald on September 21, 2004. Dr. MacDonald diagnosed plaintiff with fluctuating neck weakness of unclear etiology.
9. Based upon a conversation between Dr. Bhagia and Dr. MacDonald, it was noted that plaintiff had showed remarkable improvement and was released to return to regular duty work including regular driving duties effective September 26, 2004.
10. At that point, a Form 28 was filed terminating plaintiff's TPD benefits. *Page 5 
11. Plaintiff returned to see Dr. MacDonald on October 4, 2004 for nerve conduction studies. The nerve conduction studies were normal and Dr. MacDonald found no explanation for plaintiff's neck weakness. Dr. MacDonald released plaintiff finding no neurological lesion.
12. Plaintiff saw Dr. Bhagia on November 2, 2004 noting improvement in his symptoms. He was diagnosed with cervical spondylosis and cervical strain and continued on unrestricted duty.
13. On November 4, 2004, plaintiff was involved in a tractor-trailer accident in which the tractor-trailer flipped several times. Plaintiff reported no injury stemming from the November 4, 2004 accident. This was the third motor vehicle accident in which plaintiff was involved during the six months he had been employed with this employer. Plaintiff was also involved in motor vehicle accidents on June 28, 2004 and on October 20, 2004. He received written warnings from the employer following each of these accidents.
14. Plaintiff returned to see Dr. Bhagia on November 30, 2004. During this appointment, plaintiff confirmed that he had received no injuries as a result of the November 4, 2004 accident. Dr. Bhagia confirmed the full-duty work release and provided plaintiff with a 0% PPD.
15. As a result of the three motor vehicle accidents that occurred within a six month period, plaintiff was terminated from his employment pursuant to company policy. Additionally, the employer's liability insurance would no longer provide insurance coverage for plaintiff. The termination was in no way related to plaintiff's workers' compensation claim.
16. Plaintiff has seen several unauthorized treating physicians including Dr. Bailes, Dr. Kropac and Dr. Greenberg. None of these physicians have placed plaintiff on restricted duty, *Page 6 
nor have any of them related plaintiff's current conditions to his work injury. Plaintiff has not requested to return to the authorized treating physician, Dr. Sam Bhagia.
17. Plaintiff testified that he had not looked for additional employment since being terminated from the employer herein because he is now a full-time student and does not believe that he can work a full-time job and also attend school on a full-time basis.
18. Prior to plaintiff's work incident in June of 2004, plaintiff's co-workers had adopted the nickname for him of "Herman Munster" due to the way that plaintiff held his head and neck. This nickname was attributed to plaintiff even before his work related injury in June, 2004.
19. Prior to the hearing before the Deputy Commissioner, plaintiff had filed an 18M and a 28U with the Commission contending that he was entitled to additional medical treatment and also that TTD benefits should be reinstated. The Industrial Commission denied plaintiff's request.
20. Plaintiff offered no medical evidence to substantiate the approval of a form 18M and in particular, no doctor has opined that plaintiff will need future medical treatment due to any work injury.
21. Plaintiff did not obtain the signature of Dr. Bhagia on the form 28U but rather wrote Dr. Bhagia's name in the place where the physician was to sign the form 28U. Additionally, on the same day that Dr. Bhagia's name was placed on the form 28U by the plaintiff, Dr. Bhagia in actuality, provided a full-duty work release for the plaintiff.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 7 
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable work-related injury in June of 2004. N.C. Gen. Stat. § 97-2(6). The carrier's acceptance of a claim for June 1, 2004 is sufficient notice of an incident occurring on June 23, 2004 such that the statute of limitations is not applicable. N.C. Gen. Stat. § 97-22.
2. Defendants paid temporary partial disability benefits to plaintiff from August 22, 2004 to September 26, 2004 when plaintiff obtained a full-duty work release and returned back to work for the employer. Since that time, plaintiff has not been placed on any work restrictions. Plaintiff has failed to offer any evidence to show that he has an ongoing disability. Specifically, plaintiff has failed to offer medical evidence that he is disabled; he has failed to look for work; he has failed to offer evidence that an employment search would be futile; and/or he has failed to offer evidence that he has obtained a lesser paying job. Russell v. Lowes, 108 NC App 762, 425 S.E 2d 454 (1993).
3. Plaintiff has offered no medical evidence that he needs additional medical treatment as a result of his work related accident. N.C. Gen. Stat. §§ 97-2(19); 97-25; and 97-25.1.
4. Plaintiff did not offer any medical evidence to support the filing of his 18M and failed to offer evidence that he has a substantial risk of additional medical treatment in the future. Id.
5. Plaintiff did not submit a properly completed form 28U showing an inability to work and in fact, plaintiff's treating physician indicates that he has been released without restrictions. Id.
 *********** *Page 8 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional benefits must be and is hereby be DENIED.
2. Each party shall pay its own costs.
This 28th day of July 2008.
 S/___________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
S/_____________ DANNY LEE McDONALD COMMISSIONER
S/_____________ PAMELA T. YOUNG CHAIR *Page 1